UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80542-CIV-MARRA

MICHAEL TOOKENAY,
JESSICA TOOKENAY,

    Plaintiffs,
vs.

SANTANDER CONSUMER
USA, INC.,

    Defendant.
_____/

## ORDER AND OPINION COMPELLING ARBITRATION

**THIS CAUSE** is before the Court upon Defendant Santander Consumer USA, Inc.'s Motion to Compel Arbitration and Stay Proceedings [DE 7]. Plaintiffs have not responded to the motion and the time period for doing so has passed. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Background and Introduction

Plaintiffs bring a two count complaint seeking damages for alleged violations of the Florida Consumer Collection Practices Act and the Telephone Consumer Protection Act. On or about August 23, 2006, Plaintiffs purchased a 2007 Toyota Scion from Arlington Toyota, Inc. in Jacksonville, Florida. In connection with the transaction, Plaintiffs and Arlington Toyota executed a Retail Installment Contract and Security Agreement (the "Contract"), which provided that Plaintiffs would make 72 monthly payments on the vehicle. DE 7, Ex. A. The Contract contained an assignment provision whereby Arlington Toyota immediately assigned its interest in

the Contract to HSBC Auto Finance, Inc. ("HSBC"), who provided the funding for Plaintiffs' car loan.  *Id*.

The Contract contains an Arbitration Clause, whereby the parties agreed to arbitrate all claims with each other (and any employees, agents, successors or assigns) if either party chose arbitration.  DE 7, Ex. 1 to Ex. A.  The Arbitration Clause contains, among other things, an express provision that all claims arising between Plaintiffs and the automobile dealer, HSBC, and any subsequent assignee of the Contract will be subject to arbitration.  *Id*.  Subsequently HSBC assigned all of its rights and interests in the Contract to Santander Consumer USA, Inc. ("Santander"), who currently owns the Contract.  Declaration of Mark Mooney, ¶ 7.  As the assignee of the Contract, Santander became a party entitled to require arbitration.

On the first page of the Contract, above Plaintiffs' signatures, appears a provision that states in bold:

> **You agree to the terms of the contract.  You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it.  You acknowledge that you have read both sides of this contract, including the arbitration clause on the reverse side, before signing below.  You confirm that you received a completely filled-in copy when you signed it.**

DE 7, Ex. 1 to Ex. A.  The second page of the Contract contains the Arbitration Clause, which states, in part, as follows:

ARBITRATION CLAUSE

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

\* \* \* \* \*

*Id*. Plaintiffs do not dispute that they signed this contract.

<u>Analysis</u>

There is a strong federal policy supporting arbitration agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). One of the purposes of the Federal Arbitration Act is to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985). Arbitration agreements must be "rigorously enforce[d]" by the courts. *Id*. at 221.

As a result of the well-established federal policy favoring arbitration, the burden is on the party opposing arbitration to prove to the court that arbitration is improper. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26-27 (1991). In this case, Plaintiffs have chosen not to contest the instant motion.

When determining the scope of an arbitration provision, the Court looks to the factual allegations of the complaint and determines whether the claims alleged therein touch and concern matters covered by the arbitration provisions. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 622 n.9 and n.13 (1985).

Additionally, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989).

In pertinent part, the Arbitration Clause in the parties' Contract provides that:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

DE 7, Ex. 1 to Ex. A. Plaintiffs' claims arise out of Santander's alleged attempts to collect the debt owed by Plaintiffs under the Contract. Specifically, Plaintiffs allege violations of the Florida Consumer Collection Practices Act and the Telephone Consumer Practices Act based on Santander's alleged improper collection activity relating to the Contract. *See* DE 1. These claims fall squarely within the broad scope of the parties' Arbitration Clause. There is no question that a dispute over the validity of the debt owed under the Contract, or actions allegedly taken by Santander in collecting that debt, creates a claim that would "arise out of or relate to" Plaintiffs' purchase of the vehicle and the parties' Contract and relationship. Therefore, Plaintiffs' claims against Santander are subject to arbitration.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Santander Consumer USA, Inc.'s Motion to Compel Arbitration and Stay Proceedings [DE 7] is GRANTED and the parties are ordered to arbitrate this dispute.  This case is STAYED pending the completion of the arbitration.  The clerk shall ADMINISTRATIVELY CLOSE THIS CASE.  All pending motions are denied without prejudice.  Either party may move to re-open this matter to effectuate the arbitrator's decision.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of August, 2012.

_____
KENNETH A. MARRA
United States District Judge